IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LARRY SCHLEUSNER and PATRICIA SCHLEUSNER, husband and wife; and LARRY PAUL SCHLEUSNER and PATRICIA GLORIA SCHLEUSNER, as Trustees of The Larry and Patricia Schleusner Family Trust dated November 14, 2004,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | CV 14–221–M–DWM<br><br>ORDER |

On April 10, 2015, summary judgment was granted in favor of Defendant Continental Casualty Company ("Continental") on the grounds that it was not obligated to provide insurance coverage in an underlying state case because a claim was not timely made on the insured. (Doc. 31.) Judgment was entered in Continental's favor. (Doc. 32.) Plaintiffs Larry and Patricia Schleusner ("Plaintiffs") seek to set aside that Order and Judgment, asserting relief on two grounds pursuant to Rule 60(b) of the Federal Rules of Civil Procedure: (1) Rule 60(b)(2): newly discovered evidence that the Real Estate Professional Errors and Omissions Policy (the "Policy") was renewed effective December 2008 and (2)

1

Rule 60(b)(6): the Court's alleged failure to address critical portions of the Policy and legal authority.

The Policy in this case unambiguously requires that a claim be made on the insured during the policy period as a condition precedent of coverage. *Steadele v. Colony Ins. Co.*, 260 P.3d 145, 150 (Mont. 2011). The arguments raised by Plaintiffs on the present motion do not alter this conclusion and would impermissibly rewrite the Policy. *Johnson v. Equitable Fire & Marine Ins. Co.*, 381 P.2d 778, 779 (Mont. 1963) (courts should not "seize upon certain and definite covenants expressed in plain English with violent hands, and distort them so as to include a risk clearly excluded by the insurance contract" (internal quotation marks omitted)); *see also Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (outlining the important differences between claims-made and occurrence policies). Relief is not warranted pursuant to either Rule 60(b)(2) or (b)(6). Plaintiffs' motion is denied.[1]

## I.    Rule 60(b)(2)

Plaintiffs first argue that relief from the Order and Judgment is necessary because after summary judgment briefing was complete, they received subpoenaed information indicating the Policy was renewed in December 2008. Rule 60(b)(2)

---

[1] While Continental has not responded to Plaintiffs' Rule 60(b) motion, such a response is not necessary as it would elucidate no information that has not already been discussed.

permits a district court to grant relief from judgment on the basis of new evidence. A party seeking relief under Rule 60(b)(2) must satisfy a three-part test, the movant must show the evidence: (1) constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) could not have been discovered through due diligence, and (3) was of "'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)). Plaintiffs' motion fails on all three fronts.

    A.    **Newly Discovered Evidence**

Plaintiffs' argument fails from the start because the proffered information regarding the renewed policy is not "newly discovered evidence." Under the Federal Rules, evidence is not "newly discovered" if it was in the moving party's possession before the judgment was entered. *Feature Realty, Inc.*, 331 F.3d at 1093. In *Feature*, the Ninth Circuit held that a party possessing evidence for as little as eight days prior to the district court's summary judgment ruling could not invoke Rule 60(b)(2). *Id.* Here, Plaintiffs argue the evidence is new because they received it "after completion of the briefing of the Parties' cross." (Br. in Support, Doc. 34 at 2.) However, the fact that the parties' summary judgment briefing was completed by the time disclosure occurred does not render the resulting

information "newly discovered" for the purposes of Rule 60(b)(2). It is the litigants' responsibility to introduce evidence for the court's consideration on summary judgment, whether in original or supplemental filings. *See e.g. Rossi v. Troy St. Univ.*, 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying Rule 60(b)(2) motion because movant never requested leave to supplement its response to summary judgment motion with new evidence while the motion was under consideration); *Wagner v. Toys "R" Us, Inc.*, 114 F.R.D. 18, 19 (E.D. Mich. 1986) (same). The information received in response to the subpoenas was in Plaintiffs' possession prior to the entry of judgment and could have been provided to the Court. It is not "newly discovered evidence" as contemplated by Rule 60.

**B.  Due Diligence**

The fact that the information is not "newly discovered evidence" is enough to end the inquiry. However, this requirement is closely related to the second requirement of due diligence. *Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 433 (1st Cir. 2005). In *Coastal Transfer Co.*, the Ninth Circuit rebuked a Rule 60(b)(2) movant for failure to exercise due diligence in discovering the inaccuracy of its own expert's testimony, because other evidence the movant possessed prior to the district court's ruling could have revealed the inaccuracy. 833 F.2d at 212. "In other words, due diligence assumes at least some level of deductive reasoning in an active effort to discover evidence based on the knowledge and information

already possessed by the litigants." *Schlicht v. United States*, 2006 WL 229551, at *2 (D. Ariz. Jan. 30, 2006).

Despite the knowledge that timing and the termination of the Policy comprised the very heart of Continental's summary judgment motion, Plaintiffs did not discover that the Policy was renewed until after briefing was complete. Plaintiffs insist, however, that Continental has not been forthcoming in discovery. (Br. in Support, Doc. 34 at 3.) Even assuming that is the case, it does not explain why Plaintiffs did not provide the information to the Court immediately upon receiving it and before judgment was entered. Such inaction does not reflect the actions of a diligent litigant. *See Gonzalez-Pina*, 407 F.3d at 433-34 (affirming district court's denial of Rule 60(b)(2) motion were movant had obtained deposition testimony two weeks prior to summary judgment and failed to exercise due diligence to bring evidence to district court's attention).

### C. Effect on Result

Plaintiffs also fail the final prong of Rule 60(b)(2), which requires the newly discovered evidence be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc.*, 331 F.3d at 1093 (internal quotation marks omitted). Contrary to Plaintiffs' characterization, the existence of a renewed policy that did not take effect until December 16, 2008, a month after the events in question, makes no difference to

the Court's previous analysis. The renewed policy does not change the terms of the original Policy or provide terms under which the claim could be found to be timely. The claim was made on November 5, 2008. (Doc. 11 at 6.) The claim was not made during either the policy period of the Policy (Sept. 2007- Sept. 2008 (Doc. 2-4)) or the policy period (or prior acts period) of the renewed policy (from Dec. 16, 2008 forward (Doc. 34 at 2)). Accordingly, the condition precedent for coverage under either policy was not met. Plaintiffs' arguments as to the fairness of Continental's payment plans are beside the point. The knowledge that the Policy was renewed in December 2008 does not change the disposition of the case. Relief pursuant to Rule 60(b)(2) is not warranted.

## II. Rule 60(b)(6)

Plaintiffs also seek relief pursuant to Rule 60(b)(6), which allows a district court to grant relief from judgment for "any other reason that justifies relief." Plaintiffs insist the Court failed to address critical portions of the Policy and legal authority in its original Order. The Rule 60(b)(6) motion "has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* The Ninth Circuit has emphasized that relief under Rule 60(b)(6) "normally will not be granted

6

unless the moving party is able to show both injury and that circumstances beyond its control prevent timely action to protect its interest." *Id.*

Plaintiffs fail to show this case rises to the level of an "extraordinary circumstance" justifying equitable relief under Rule 60(b)(6). Rather, Plaintiffs' brief is merely an attempt to get another bite at the apple. Plaintiffs' arguments as to the Policy language and relevant authority have been previously considered and rejected. Relief pursuant to the Rule 60(b)(6) is not warranted.

Accordingly, IT IS ORDERED that Plaintiffs' motion (Doc. 33) is DENIED.

Dated this 14th day of May, 2015.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT